Ghancellor Waties
:AU the facts stated in the bill have been fully established, and there is no doubt but the defendant considered the agreement as absolute, for he immediately tore off his signature to the notes on receiving them, and afterwards demanded and received the $15 agreed on. It has been further proved that when he delivered up the title deed to the complainant, he had assured her that this was equivalent to a re-conveyance from him of the land, as the deed had not been recorded, and that she, trusting to this assurance, had executed on her part the agreement as before stated, and has allowed him to keep possession of the land for a year, free from any demand of rent.
I should regret exceedingly if a case of this nature was without redress, not only on account of the unfair advantage taken of the complainant, hut because it appears that her mind has been seriously destroyed by her grief at selling the land, which ought to be a motive with the court to afford all the relief in its power. But I am satisfied that the statute of frauds is not in the way. It is. plain from the evidence, that the complainant has been guilty of ill faith towards the complainant, and it has been fully settled that where a party sets up the statute of frauds as the means of eluding the performance of an agreement, the complete execution of which has been prevented by his own fraudulent conduct, he shall not be allowed t& shelter himself under the statutes 1 P. W. 620; New on *260 Con. 179. It is contended however that the defendant, being willing now to pay the amount of his notes, takes away, the complainant’s equity. I am aware that there are cases to this effect, but they proceed on the ground that there has been no fraud, and that no prejudice has been done to the party complaining. But both of these appear to me to exist in the present case. The defendant imposes on the complainant by representing that his surrender of the title to the land was as. effectual as a re* conveyance from him by deed, and she was induced by it to divest herself of all the legal evidence of her demand for the consideration of the sale. She might indeed have called on him in this court to acknowledge the debt, but he might have denied it, as he has done the facts which have been proved in contradiction to his answer. It appears to me then, that the complainant- has been prejudiced by the ill faith of the defendant, and this is a sufficient ground for requiring of him a specific performance of his agreement, although a parol one.
On appeal, Williams for appellant,,
cited Givens, vs. Colder,2 Eq. Rep. 189;. 1 Madd. 383; 1 Sch. & Lef. 40,41-,
It is therefore ordered and decreed that the defendant do deliver up, to the complainant, the possession of the land which he purchased and afterwards agreed to re~convey to her, and that he be perpetually enjoined from, prosecuting the action brought by him for the recovery of the title deeds which he. surrendered her, and from any other action or claim for the recovery of the said land-
Decree affirmed by the whole court.